IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| PONTCHARTRAIN PARTNERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.   2:21-cv-01765-WBV-DMD |
| | § | |
| TIERRA DE LOS LAGOS, LLC d/b/a | § | |
| BEE SAND COMPANY | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## BEE SAND'S MOTION TO DISMISS ANTICIPATORY LAWSUIT AND MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF TEXAS, GALVESTON DIVISION, IN THE ALTERNATIVE

Pursuant to U.S.C. 28 U.S.C. § 1404(a), Defendant Tierra De Los Lagos, LLC d/b/a Bee Sand Company ("Bee Sand" or "Defendant"), files this Motion to Dismiss Anticipatory Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the alternative and respectfully shows as follows:

1.  Plaintiff filed this improper declaratory judgment action that was anticipatory in nature. The Court should decline to exercise jurisdiction over this action because it was filed by the Plaintiff in anticipation of Defendant's refiling in order to secure a more favorable forum.

2.  The issues in both Plaintiff's instant action and Defendant's action in Galveston County substantially overlap in that they both identically center around the parties' contract relating to the improvement of Texas City's vital levee system and the Texas City Dike. Plaintiff anticipatorily filed this declaratory judgment action after Defendant dismissed its Previous Action that was filed in Galveston County and after Defendant later notified Plaintiff of its intent to refile

in that same county. Thus, the Court should dismiss Plaintiff's action and allow Defendant to proceed as the proper plaintiff in Galveston County.

3. If the Court does decide to exercise its discretion to exercise jurisdiction over this lawsuit, the Court should transfer this case to the Southern District of Texas, Galveston Division, in the alternative.

4. This case could have been brought in the Southern District of Texas because the execution and performance of the contract at issue all occurred in Galveston County, thus venue is proper in the Southern District of Texas as a district in which a substantial part of the events giving rise to this action occurred. Defendant is also subject to personal jurisdiction in the Southern District of Texas.

5. Plaintiff is entitled to no deference in selecting a forum because this is an anticipatory suit. Plaintiff deprived Defendant of its right of being the true plaintiff and select the proper forum by anticipatorily filing this suit in the Orleans Parish after being informed of Defendant's intention to refile in Galveston County.

6. The Eastern District of Louisiana has virtually no factual connection to the case except that it is the base location of Plaintiff. The subject matter of the parties' disputed contract is located in the Southern District of Texas, the execution and performance of the contract was completed there, Plaintiff continuously conducts business there, and it is the more convenient, efficient, and far less expensive venue for all parties and witnesses as the vast majority, if not all witnesses, reside in the Southern District of Texas.

For the reasons set forth herein, and in the supporting memorandum of law, which is incorporated herein as if set forth in full, Bee Sand respectfully requests that this Court dismiss

this action or in the alternative, transfer this action to the Southern District of Texas, pursuant to U.S.C. 28 U.S.C. § 1404(a).

Respectfully submitted,



By: /s/ Robert H. Ford
Robert H. Ford
Fed ID No. 1392569
rford@bradley.com
Melissa S. Gutierrez
Fed ID No. 2255351
mgutierrez@bradley.com
600 Travis, Suite 4800
Houston, Texas 77002
713-576-0300 – Telephone
713-576-0301 – Facsimile

**ATTORNEY FOR DEFENDANT
TIERRA DE LOS LAGOS, LLC d/b/a
BEE SAND COMPANY**