IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| PONTCHARTRAIN PARTNERS, LLC, § § § § Plaintiff, § § v. § § § TIERRA DE LOS LAGOS, LLC d/b/a § BEE SAND COMPANY § § § § Defendant. § | CIVIL ACTION NO.   2:21-cv-01765-WBV-DMD JURY TRIAL DEMANDED |

### BEE SAND'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ANTICIPATORY LAWSUIT AND MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF TEXAS, GALVESTON DIVISION, IN THE ALTERNATIVE

Tierra De Los Lagos, LLC d/b/a Bee Sand Company ("Bee Sand" or "Defendant"), files this Memorandum of Law in support of its Motion to Dismiss Anticipatory Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the alternative, pursuant to U.S.C. 28 U.S.C. § 1404(a).

### INTRODUCTION AND PROCEDURAL BACKGROUND

Bee Sand originally filed suit seeking to recover amounts Pontchartrain refused to pay it on June 10, 2021, in Galveston County, seeking relief from Pontchartrain Partners, LLC's ("Pontchartrain" or "Plaintiff") breach of the parties' contract regarding the transportation of clay fill and rip rap to the Texas City Dike in Galveston County, Texas. (Exhibit A, Plaintiff's Original Petition from Previous Case). Plaintiff then removed that previous case to the Southern District of Texas, declaring it as the appropriate jurisdiction to decide the matter. (Exhibit B, Dkt. No. 1 from

Previous Case). Defendant voluntarily dismissed the previous case without prejudice on July 26, 2021. (Exhibit C, Dkt. No. 6 from Previous Case; *see also* Exhibit D, Dkt. No. 9 from Previous Case).

Contemporaneously with or shortly after voluntary dismissal of the Previous Action, counsel for Bee Sand contacted counsel for Pontchartrain and informed him of Bee Sand's intent to refile the action after September 1, 2021.[1] Pontchartrain then filed an inverse declaratory judgment version of the Previous Case in Orleans Parish. (Exhibit E, Dkt. No. 1-2, Exhibit A, Plaintiff's Petition for Breach of Contract and Declaratory Judgment). Plaintiff filed this action in Louisiana despite that the contract required performance in Galveston County and that mandatory venue is in Texas. Not only was the lawsuit deliberately filed in an inconvenient forum and an improper venue, but it is an anticipatory lawsuit, filed only after Bee Sand's counsel informed Pontchartrain it planned to file suit in Galveston County and after Bee Sand voluntarily dismissed a previous action regarding this exact same subject matter without prejudice. After Pontchartrain's improper filing of this action, which was commenced on August 26, 2021, to ensure that it would win the race to the Courthouse based on Bee Sand's representation that it would not file until September, Bee Sand filed its appropriate action in Galveston County on September 3, 2021, located in the Southern District of Texas. (Exhibit F, Plaintiff's Original Petition in Refiled Action). This Court should dismiss the action in favor of the properly filed action in Galveston County, where the work was performed. *See Watkins Strategy & Res. Grp., LLC v. WLC, LLC*, 433 F. Supp. 2d 778, 784–85 (S.D. Miss. 2006) (declining to exercise jurisdiction over declaratory judgment anticipatory lawsuit and not reaching motion to transfer in the alternative).

---

[1] Bee Sand dismissed and refiled this action due the Texas legislature closing an existing loophole on recovering attorney's fees against limited liability companies in breach of contract actions, for all lawsuits commenced after September 1, 2021. *See* TEX. CIV. PRAC. & REM. CODE §§ 38.001, 1.002. This was also disclosed to counsel for Pontchartrain prior to it filing the instant case.

Alternatively, this Court should transfer the action to the Southern District of Texas, Galveston Division. When Pontchartrain removed the previous lawsuit, it affirmatively alleged that venue is proper in the Southern District of Texas, Galveston Division. (Exhibit B, Dkt. No. 1 from Previous Case). In fact, the only relevant connection this anticipatory lawsuit has to the Eastern District of Louisiana is that the Pontchartrain is based out of New Orleans. The Southern District of Texas, Galveston Division, is an appropriate, more convenient, more efficient forum for adjudicating this dispute. Accordingly, this Court should transfer the action if it does not grant Bee Sand's Motion to Dismiss. *See Novak Druce Connolly Bove & Quigg, LLP v. Arochi,* No. CV H-18-3490, 2019 WL 4222700, at *6 (S.D. Tex. Sept. 5, 2019) (transferring anticipatory declaratory judgment action).

## MOTION TO DISMISS ANTICIPATORY ACTION

"[U]sing a declaratory judgment action to race to *res judicata* or to change forums is thoroughly inconsistent with the purpose of the Declaratory Judgment Act and should not be countenanced." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.,* 996 F.2d 774, 776 (5th Cir. 1993). In light of Plaintiff filing an inappropriate anticipatory suit, Bee Sand requests this Court dismiss this action and allow the proper Plaintiff, Bee Sand, to proceed in Galveston County. Courts have broad discretion in deciding whether to dismiss an anticipatory action. *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 n.3 (5th Cir. 1983). Generally, the Fifth Circuit follows the "first-filed" rule, however an exception arises when the Court finds that there are "compelling circumstances" that obviate the applicability of the first-filed rule and the first action filed may be dismissed rather than the second action filed. *Excel Music, Inc. v. Simone*, No. CIV.A. 95-3626, 1996 WL 5708, at *6 (E.D. La. Jan. 5, 1996); (*see also Lagniappe Lighting, LLC v. Carolina Lanterns & Accessories, Inc.*, No. CIV.A. 07-1094, 2007 WL 1139582, at *3 (E.D. La.

Apr. 17, 2007). "Compelling circumstances exist when a declaratory action is filed in anticipation of another lawsuit in order to secure a more favorable forum." *Cobb Inv. Co., Inc. v. Piccadilly Cafeterias, Inc.*, No. CIV.A. 00-0091, 2000 WL 280021, at *3 (E.D. La. Mar. 14, 2000).

Courts have broad discretion to decline jurisdiction in declaratory judgment actions and dismiss said action where it is found that it was filed "for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." *Excel Music,* 1996 WL 5708, at *6. In addition, the Fifth Circuit has noted that "anticipatory suits are disfavored because they are an aspect of forum shopping," and the party filing the anticipatory suit should not be rewarded their choice of forum. *Mission Ins. Co.,* 706 F.2d at 602 n.3; *see also Excel Music,* 1996 WL 5708, at *6.

In determining whether to dismiss an action, a court must determine (1) whether the two pending actions involve substantially similar issues and (2) which of the two courts should decide the case. *Murray v. Wilson*, No. 08-2005, 2008 WL 3498226, at *2 (E.D. La. Aug. 8, 2008).

**I.      Both Plaintiff and Defendant's actions involve a substantial overlap of issues warranting Plaintiff's dismissal.**

The first determination to be made is whether the issues presented in both Pontchartrain and Bee Sand's actions substantially overlap one another. *Excel Music*, 1996 WL 5708, at *5. "Courts have noted that a substantial relationship exists between two suits where the issues, though not identical, are similar enough that the cases would be consolidated if filed in the same court." *Murray,* 2008 WL 3498226, at *3 (quoting *Lear Siegler Services v. Ensil Intern Corp.,* No. SA-05-CA-0679-XR, 2005 WL 2645008, at *2 (W.D. Tex. Sept. 20, 2005).

Pontchartrain's claims should be dismissed because they are in fact not the true plaintiff to the suit and because it filed a mirror image of the original action in anticipation of Bee Sand's refiling just five days before Bee Sand announced it would be able to refile. In the Previous Case, Bee Sand sought relief from Pontchartrain's breach of the parties' contract relating to the

-4-

improvement of Texas City's vital levee system. Bee Sand sought to recover damages from Pontchartrain's failure to pay for the materials and services rendered on the project. (Exhibit A, Plaintiff's Original Petition from Previous Case). Bee Sand then voluntarily dismissed the previous action without prejudice. (Exhibit C, Dkt. No. 6 from Previous Case; *see also* Exhibit D, Dkt. No. 9 from Previous Case). In light of Bee Sand refiling suit involving the same claims, Pontchartrain filed this breach of contract and declaratory judgment action on August 26, 2021. (Exhibit E, Dkt. No. 1-2, Exhibit A, Plaintiff's Petition for Breach of Contract and Declaratory Judgment). Unsurprisingly, the claims within this action also center around the parties' same contract relating to the improvement of Texas City's vital levee system and the Texas City Dike. True to its representations to Pontchartrain, Bee Sand refiled its original claims in Galveston County. (Exhibit F, Plaintiff's Original Petition in Refiled Action). Both breach of contract suits arise out of the exact same contract concerning the exact same duties as it is the only agreement executed by the parties. More than a "substantial overlap," the cases present an exact identity of issues to be decided and the Court should dismiss Pontchartrain's action. *Murray,* 2008 WL 3498226, at *3.

**II.     Plaintiff's anticipatory action filed in the Eastern District of Louisiana should be dismissed because the Southern District of Texas is better suited to decide the case.**

The Court should now consider the compelling circumstances warranting dismissal of the first action rather than the second action filed. *Lagniappe Lighting,* 2007 WL 1139582, at *3. This Court has noted that the filing of anticipatory lawsuits is considered a compelling circumstance when filed in order to secure a more favorable forum, thus warranting dismissal. *Cobb,* 2000 WL 280021, at *3. Courts dismiss pursuant to this doctrine when an "anticipatory filing in order to avoid litigation by the defendant deprives the 'true plaintiff' of his right to select the proper forum." *Marks v. Mackey*, No. 6:14-CV-00441, 2014 WL 3530137, at *4 (W.D. La. July 15, 2014). That

is exactly what Pontchartrain did here—raced to the Courthouse at the end of August when it knew that Bee Sand was going to file suit in September.

Furthermore, unlike other cases where parties filed a declaratory judgment action but also asserted valid claims for affirmative relief, in this case Pontchartrain filed only a declaratory judgment action that they did not breach and claimed breach of contract that Bee Sand did not perform the contract "at a certain price"—i.e. a defensive claim for breach of contract that Bee Sand overcharged amounts that Pontchartrain never paid. (*See* Exhibit E, Dkt. No. 1-2, Exhibit A, Plaintiff's Petition for Breach of Contract and Declaratory Judgment, p. 12-14). This is not a case where the plaintiff filing in anticipation "alleging various substantive causes of action," but rather, this is a case where Pontchartrain is a plaintiff in name only and for the sole purposes of securing venue. *Mackey*, No. 6:14-CV-00441, 2014 WL 3530137, at *4.

Bee Sand previously filed a suit in Galveston County seeking relief from Pontchartrain's breach of the parties' contract regarding the transportation of clay fill and rip rap to the Texas City Dike, located in the Southern District of Texas. Bee Sand then voluntarily dismissed the previous case without prejudice on June 26, 2021. (Exhibit C, Dkt. No. 6 from Previous Case; *see also* Exhibit D, Dkt. No. 9 from Previous Case). After candid discussion amongst the parties, Bee Sand disclosed its intention to refile in the same venue. Pontchartrain then raced to the Courthouse located in the Eastern District of Louisiana and filed this action on August 26, 2021. (Exhibit E, Dkt. No. 1-2, Exhibit A, Plaintiff's Petition for Breach of Contract and Declaratory Judgment). Bee Sand refiled its suit on September 3, 2021, in Galveston County, just as it had represented to Pontchartrain it would. (Exhibit F, Plaintiff's Original Petition in Refiled Action). It is evident that Pontchartrain expected Bee Sand to refile its suit in the Southern District of Texas and this instant suit was in anticipation of that expected action. Pontchartrain was well aware of Bee Sand's intent

to refile in Galveston County and the filing of this action was motivated by Pontchartrain's desire to win a race to the Courthouse. Pontchartrain should not be rewarded its choice of forum for filing this anticipatory suit. Bee Sand is the true plaintiff in this action and thus, the Court should exercise its discretion to dismiss this improper anticipatory suit. Like the court in *Lagniappe Lighting*, this Court should conclude that Pontchartrain suit was filed "to win a "race to the courthouse," and constitutes a misuse of the Declaratory Judgment Act," and therefore should dismiss the case without prejudice. *Lagniappe Lighting,* 2007 WL 1139582, at *4.

## MOTION TO TRANSFER VENUE IN THE ALTERNATIVE

If the Court does decide to exercise its discretion to exercise jurisdiction over this lawsuit, Bee Sand respectfully requests that this case be heard in the venue where all of the work was performed and is the situs of virtually all facts relevant to this dispute. "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought." 28 U.S.C. § 1404(a). "The purpose of Section 1404(a) is to prevent the waste of 'time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Endurance Am. Specialty Ins. Co. v. Dual Trucking & Transp., LLC,* No. CV 17-1293, 2018 WL 5251910, at *7 (E.D. La. Oct. 22, 2018) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). Furthermore, "courts have broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) ("*Volkswagen II*") (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998). The transfer analysis requires a two-step inquiry:

First, the moving party must demonstrate that the case could have been brought in the transferee court. *Id.* at 312. Second, the moving party must show "good cause" for the transfer by establishing "that the transferee venue is clearly more convenient" and that the transfer serves the

interests of justice. *Id.* at 315. Good cause is established "when the movant demonstrates that the transferee venue is clearly more convenient…" *Id.* In determining whether good cause exists for a venue transfer for the convenience of parties and witnesses in the interest of justice, courts weigh a variety of equitable private and public interest factors. *Id.*

The factors pertaining to litigants' private interests that courts consider include (1) the ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of unwilling witnesses, (3) the cost of attendance for willing witnesses, and (4) any other practical factors that make trial expeditious and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"); (*see also Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 213 (5th Cir. 2010) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947))). The public interest factors courts consider include (1) the administrative difficulties flowing from court congestion, (2) the familiarity of the forum with the law that will govern the case, (3) the local interest in having localized interests decided at home, and (4) the avoidance of issues regarding conflict of laws or the application of foreign law. *See id*. No single factor is given dispositive weight and these factors are "not necessarily exhaustive or exclusive." *Volkswagen II,* 545 F.3d at 315 (quotation marks and citation omitted).

## VENUE FACTS

Bee Sand is a Texas limited liability company with its principal place of business in Texas (Exhibit E, Dkt. No. 1-2, Exhibit A, Plaintiff's Petition for Breach of Contract and Declaratory Judgment). The contract at issue was executed and performed in Galveston County in connection with Pontchartrain's contract to repair the Texas City Dike.[2] Pontchartrain conducts business in

---

[2] See US Army Corps of Engineers December 19, 2019 Press Release, *available at* https://www.swg.usace.army .mil /Media/News-Releases/Article/2035776/usace-galveston-district-awards-122m-contract-for-levee-repair-in-texas-city/ (press release documenting award of the contract to Plaintiff); *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of information posted on a government website).

Galveston County, Texas, which is located in the Southern District of Texas, and all of Pontchartrain's contacts relating to this dispute occurred in Galveston County. (*See* Exhibit E, Dkt. No. 1-2, Exhibit A, Plaintiff's Petition for Breach of Contract and Declaratory Judgment, Exhibit A, Application for Credit). Indeed, the entirety of the project to which this contract relates is the improvement of real property located in Galveston County, the Texas City Dike. Furthermore, all key nonparty witnesses including all other subcontractors working on the Texas City Dike project, as well as the U.S. Army Corps of Engineers ("USACE"), Galveston District, are located in the Southern District of Texas. The Southern District of Texas, and specifically Galveston County, is the epicenter of this action.

As it relates to the relevant acts or omissions occurring in Texas, the nexus of evidence and witnesses clearly favor transfer to the Galveston Division of the Southern District of Texas, which is located approximately 44 miles from Galveston County and less than 15 miles from Bee Sand's office, the primary location of all business communications concerning the contract at issue.[3] In contrast, this Courthouse is located approximately 360 miles from both Galveston County and from Bee Sand's place of business that is located in the Southern District of Texas, well outside of this Court's subpoena range, and in a location inconvenient to parties and out of range for all relevant nonparty witnesses.

## ARGUMENT AND AUTHORITIES IN SUPPORT OF TRANSFER

Good cause exists to transfer this case to the Southern District of Texas. No party to this action can dispute that this case "might have been brought" in the Southern District of Texas, as the execution and performance of the contract and therefore a substantial part of the acts giving

---

[3] Bee Sand requests that the Court take judicial notice of these facts, which can be accurately and readily determined. FED. R. EVID. 201; *Cent. Green Co. v. United States*, 531 U.S. 425, 434 (2001) (taking judicial notice of geographical facts).

rise to the claim occurred there. *See* 28 U.S.C. § 1391. Both the private and public interest factors dictate transfer to the Southern District of Texas. The Defendant conducts business and resides in Galveston County and surrounding areas, located in the Southern District of Texas. The duties and performance of the contract arose and were carried out in Galveston County, Texas. The Plaintiff actively sought to conduct business in Galveston County, Texas, relating to the improvement of the Texas City Dike, which is the entire basis for the parties' dispute. Accordingly, this Court should apply the private and public interest factors articulated by the Fifth Circuit in *Volkswagen II* to determine that Bee Sand has shown good cause for transfer by demonstrating that the Southern District of Texas is the "clearly more convenient" forum for this case.

**I.      This action could have been filed in the Southern District of Texas.**

Venue is proper "in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1). A corporate defendant, whether or not incorporated, "resides" in any judicial district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2). Furthermore, venue is proper where "a substantial part of the acts and omissions giving rise to the claim occurred[.]" *See* 28 U.S.C. §§ 1391(b)(2). Defendant Bee Sand has its principal place of business in Houston, Texas. It is therefore subject to personal jurisdiction in the Southern District of Texas. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (reaffirming that "the paradigm forum for the exercise of general jurisdiction" over a corporate defendant includes its principal place of business). Additionally, the only connection Defendant has with the Eastern District of Louisiana is that it is the base location of Plaintiff. However, Plaintiff continuously conducts business in Galveston County, Texas, relating to the improvement of the Texas City Dike located there. The execution and performance of the contract at issue all occurred in Galveston County, thus venue is proper in

the Southern District of Texas as a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. §§ 1391 (b)(2). Plaintiff could have filed this action in the Southern District of Texas.  *See* 28 U.S.C. §§ 1391 (b)(1), (b)(2), (c)(2).

This action not only could have been brought in the Southern District of Texas, but it is also ***mandatory*** that venue is there. When actions concern the improvement of real property, venue lies where the real property in interest is located. TEX. CIV. PRAC. & REM. CODE § 15.011 (mandatory venue lies in the county in which property in dispute is situated); *Verde Mins., LLC v. 1893 Oil & Gas, Ltd.,* No. 2:16-CV-463, 2020 WL 3546879, at *8 (S.D. Tex. Apr. 1, 2020); *see also* LA CODE. CIV. P. 80 (venue is proper in the parish where immovable property is situated).

This litigation is inevitably centered in the Southern District of Texas due to the disputed contract's subject matter, the Texas City Dike. The USACE's Galveston District awarded the contract to Plaintiff to repair damages to Texas City's vital levee system caused by Hurricane Harvey. The contract was deemed the 'Texas City Hurricane Flood Protection Project' ("Project") and took place wholly in and improved real property located solely within the Southern District of Texas. Specifically, the Project covered 36 square miles of the Texas City community.[4] Plaintiff contracted with Defendant to transport clay fill and rip rap to the real property located in the Southern District of Texas. Since the parties' dispute stems entirely from Plaintiff's contract and involvement in the improvement of the Texas City Dike, the Southern District of Texas is the proper venue to hear this dispute.

**II.     This Court should afford Pontchartrain no deference in selecting this forum because it filed this lawsuit in anticipation of Bee Sand's filing in Galveston County.**

In this case, Pontchartrain only filed suit after Bee Sand informed it of its intent to file suit in Galveston County, following an earlier dismissal without prejudice of the Previous Case.

---

[4] See US Army Corps of Engineers December 19, 2019, Press Release.

Defendant filed its original petition on June 10, 2021. (Exhibit F, Plaintiff's Original Petition in Refiled Action). Defendant voluntarily dismissed the previous case without prejudice on July 26, 2021. (Exhibit C, Dkt. No. 6 from Previous Case; *see also* Exhibit D, Dkt. No. 9 from Previous Case). However, after Bee Sand candidly disclosed its intention to refile the action in September of 2021, Pontchartrain raced to the Courthouse and improperly filed this lawsuit in anticipation of Bee Sand's refiling.[5] Bee Sand refiled its affirmative claims for relief on September 3, 2021. (Exhibit F, Plaintiff's Original Petition in Refiled Action).

"Anticipatory suits are disfavored because they are an aspect of forum shopping." *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 n.3 (5th Cir. 1983). Moreover, the Eastern District of Louisiana has held that the party filing a suit in anticipation of a lawsuit in another forum should not be rewarded for forum shopping." *Murray,* No. 08-2005, 2008 WL 3498226, at *3; *see also Excel Music,* 1996 WL 5708, at *6. In an anticipatory lawsuit, the Plaintiff is entitled to no deference in selecting a forum:

> When a plaintiff files an anticipatory suit in order to avoid litigation by the defendant, "the 'true plaintiff' is divested of his right to select the proper forum." *Paragon Indus., L.P. v. Denver Glass Mach., Inc.*, No. 3-07-CV-2183-M, 2008 WL 3890495, at *4 (N.D. Tex. Aug. 22, 2008); *see also Humble Equip. Co., Inc. v. Team Eagle Ltd.*, No. 3:17-CV-01575, 2018 WL 3946022, at *7 (W.D. La. Aug. 15, 2018). Therefore, "[c]ourts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum." *Id.*

*Epic Tech, LLC v. Arno Res., LLC*, No. 1:20-CV-577-LY, 2020 WL 5351078, at *5 (W.D. Tex. Sept. 4, 2020), *report and recommendation adopted*, No. 1:20-CV-577-LY, 2021 WL 2431340 (W.D. Tex. Jan. 11, 2021); (*see also Humble Equip. Co., Inc.,* No. 3:17-CV-01575, 2018 WL

---

[5] Bee Sand dismissed and refiled this action due the Texas legislature closing an existing loophole on recovering attorney's fees against limited liability companies in breach of contract actions, for all lawsuit commenced after September 1, 2021. *See* TEX. CIV. PRAC. & REM. CODE §§ 38.001, 1.002. This was also disclosed to counsel for Pontchartrain prior to it filing the instant case.

3946022, at *7). Pontchartrain has utilized this tactic with the intent to deprive Bee Sand of its choice of forum and to deprive Bee Sand of its natural position as plaintiff. This Court should therefore disregard Pontchartrain's choice of this forum and apply the private and public interest factors to transfer this case to the Southern District of Texas, Galveston Division.

**III.    The private interest factors clearly favor transfer to the Southern District of Texas.**

In considering whether the case should be transferred, the private interest factors include: (1) the ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of unwilling witnesses, (3) the cost of attendance for willing witnesses, and (4) any other practical factors that make trial expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I,* 371 F.3d at 203); (*see also Saqui*, 595 F.3d at 213). The case should be transferred to the Southern District of Texas because it will be more efficient, more convenient, and far less expensive because nearly all of the relevant documents and witnesses are located in that District.

> **A.    The ease of access to sources of proof is neutral because the documents are easily accessible.**

The documentary evidence and sources of proof in this case relate to the contract the parties executed and performed in the Southern District of Texas in Galveston County, Texas. However, in candor to the Court, electronic dissemination of documents has made this factor neutral, a wash for most cases not involving physical evidence. *See U.S. United Ocean Servs., LLC, v. Powerhouse Diesel Servs., Inc.,* 932 F. Supp. 2d 717, 729 (E.D. La. 2013). Since there is no physical evidence and all records and documents are kept electronically and easily accessible, this factor is neutral.

> **B.    The ability of compulsory process of the Southern District of Texas to secure the attendance of non-party and unwilling witnesses weighs in favor of transfer.**

A primary factor in considering whether to transfer is the ability of a court to compel a nonparty witnesses' attendance, specifically, unwilling witnesses. *U.S. United Ocean Servs.*, 932 F. Supp. 2d at 730. This factor generally favors transfer "when the transferee venue would have 'absolute subpoena power,' or subpoena power for both depositions and trial." *Broussard v. First Tower Loan, LLC*, 135 F. Supp. 3d 540, 546 (E.D. La. 2015) (citing *MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647, 671 (S.D. Miss. 2013)). District courts may only compel attendance of a non-party witness by subpoena at any place within the district of the issuing court or at any place within 100 miles of the deposition, trial, or hearing and if the non-party witness would not incur substantial expense. FED. R. CIV. P. 45(b)(2); 45(c)(1)(A).

All key non-party witnesses with relevant information are likely well outside of the Eastern District of Louisiana's subpoena range. This includes all other subcontractors working on the Texas City Dike Project, as well as the USACE, Galveston District, who is the general contractor on the Project.[6] The USACE's Galveston District awarded the contract to Plaintiff in order to repair damages specifically on Texas City's vital levee system caused by Hurricane Harvey.[7] As a result, it is evident that all witnesses related to the contract, including USACE, the general contractor on the Project, and other subcontractors are all located in the Southern District of Texas. With this Court's location approximately 360 miles away from Galveston County and the city of Houston, non-party witnesses will not be compelled to attend depositions, trial, or hearings. *See* Fed. R. Civ. P. 45(b)(2), (c)(1)(A). Accordingly, this factor weighs in favor of transfer.

    **C.**    **The significant cost and expenses for willing witnesses to attend proceedings in the Eastern District of Louisiana weighs in favor of transfer to the Southern District of Texas.**

---

[6] See US Army Corps of Engineers, https://www.swg.usace.army.mil/Media/News-Releases/Article/2035776/usace-galveston-district-awards-122m-contract-for-levee-repair-in-texas-city/ (press release documenting award of the contract to Plaintiff); *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of information posted on a government website).
[7] *Id*.

The convenience and cost of attendance for willing witnesses is important in the transfer analysis as well. *Broussard*, 135 F. Supp. 3d at 547. The Fifth Circuit has adopted the "100-mile rule" that "favors transfer when the transferee venue is a shorter average distance from witnesses than the transferor venue. *U.S. United Ocean Servs.*, 932 F. Supp. 2d at 731. Additionally, the Fifth Circuit has noted that, "when the distance between an existing venue for trial and a proposed venue under Section § 1404(a) exceeds 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. Furthermore, the Fifth Circuit has stated that it is an "obvious conclusion that it is more convenient for witnesses to testify at home and that [a]dditional distance means additional travel time[.]" *Volkswagen II*, 545 F.3d at 317. As a result, additional travel time increases expenses for lodging, meals, and increases the time witnesses are away from their regular employment. *Id.*

The individuals who are involved in the day-to-day operations and business-related decisions for Defendant are located in or near Galveston County, Texas, and would have to bear the considerable expenses of travel and the inconvenience of attending trial in the Eastern District of Louisiana. *Volkswagen II,* 545 F.3d at 317. ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community."). Specifically, the manager and custodian of the books and records, Mr. John Browne III, is responsible for the account and contract that is at issue in this case and would testify as to the negotiations and decisions relating to said contract. Mr. Browne lives and works in the Southern District of Texas. Other representatives of Defendant with knowledge of the account and contract are also located in or near Galveston County and in the Southern District of Texas. These representatives include the USACE, the general contractor on the Project, and other subcontractors who worked on the improvement of real property located in Galveston County, the Texas City Dike.

The entirety of Plaintiff's claim is based on allegations regarding the account and content of the contract at issue. The vast majority, if not all, of the witnesses who might offer relevant testimony bearing on this issue are located in the Southern District of Texas. Accordingly, this factor of convenience to willing witnesses overwhelmingly favors transfer.

> D. **All other practical problems designed to make trial inexpensive and expeditions weigh in favor of transfer.**

Practical problems concerning the costs and expense of trial include the possibility of delay and prejudice if transfer is granted. *In re Horseshoe Entm't,* 337 F.3d 429, 434 (5th Cir. 2003). The possibility of delay and prejudice only applies in "rare [and special] circumstances and must be established by clear and convincing evidence." *Id.* Although plaintiff's choice of forum is not an enumerated factor included in the transfer of venue analysis, it is considered as it places the burden on the movant to show good cause for the transfer. *Volkswagen II,* 545 F.3d at 315. If a defendant "demonstrates that the transferee venue is clearly more convenient…it has shown good cause and the district court should therefore grant the transfer." *Id.* Furthermore, when the chosen district has little or no relevant factual nexus to the case, the plaintiff's choice of forum is less significant if other factors weigh in favor of transfer. *Id.* at 318.

No such statements or allegations have been presented suggesting that this case is of rare and special circumstance that would result in delay or prejudice upon transfer. This case is in its earliest stages of litigation; the parties have not conducted discovery, proposed pretrial and trial dates, or engaged in significant motion practice, thus Pontchartrain will not be prejudiced by transfer. *Norred v. Radiator Specialty Co.,* No. 14-936, 2015 WL 13529958, at *5 (E.D. La. Feb. 24, 2015) ("[T]he action is still in the early stages of litigation, any delay resulting in the transfer to the proper forum should not prejudice either party."). Additionally, the Eastern District of Louisiana has a *de minimis* factual connection to the case given that the contract at issue was

executed and performed in Galveston County, Texas, for the improvement of real property located there. Thus, Defendant can establish good cause for the transfer to the Southern District of Texas and Plaintiff's choice of venue should not be taken into account. *Volkswagen II,* 545 F.3d at 315. These additional factors weigh in favor of transfer.

The availability of compulsory process to secure the attendance of unwilling witnesses, the costs and convenience for witnesses attending trial; and other practical problems such as delay and prejudice and plaintiff's choice of forum all heavily weigh in favor of transfer to the Southern District of Texas, Galveston Division.

### IV. The public interest factors weigh in favor of transfer to the Southern District of Texas.

The public interest factors are: "(1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II.*, 545 F.3d at 315. Only the first and second factors are at issue here and both weigh in favor of transfer to the Southern District of Texas.

#### A. The Administrative Difficulties Flowing from Court Congestion

Generally, this factor of significant docket congestion favors a district that can bring a case to trial faster. *In re Genentech, Inc.,* 566 F.3d 1338, 1347 (Fed. Cir. 2009). However, this factor alone should not be given more consideration than the other factors as it is the most speculative. *Id.*

For the most recently reported time period (the twelve months ending June 30, 2021), Federal Judicial Caseload Statistics show that there are 2,067 cases pending in the Eastern District of Louisiana, whereas there are only 820 pending in the Southern District of Texas. Additionally,

the median time (months) it takes civil cases to flow from filing to disposition is 21.1 months in the Southern District of Texas as opposed to 22.2 months in the Eastern District of Louisiana.[8] Given that both the Eastern District of Louisiana and the Southern District of Texas are both busy Courts, the Southern District appears to be the less-burdened Court and transfer will ease the docket congestion in this district while promoting efficiency in the adjudication of this case. Therefore, this factor weighs in favor of transfer to the Southern District of Texas.

### B. Localized Interest in Resolving Localized Controversies

Traditionally, it is important to consider the "relevant connection between the actions giving rise to this case" and the Eastern District of Louisiana when weighing this factor. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2009). Clearly, the consideration of having localized interests decided at home weighs in favor of transfer because the Southern District of Texas's substantial connection to this case is significantly greater than the *de minimis* interest of the Eastern District of Louisiana. *Volkswagen II*, 545 F.3d at 315.

The Southern District of Texas has by far the strongest interest in this litigation of any judicial district. The execution and performance of the contract at issue took place in Galveston County, the Plaintiff conducts business there, Defendant is a resident of said County, and other key witnesses reside there. Furthermore, the subject matter of the contract at issue, the Texas City Dike, is located in the Southern District of Texas. There is nothing that would give Louisiana Courts a particularly strong interest in deciding this dispute. Taking all the above-mentioned facts into consideration, the Southern District of Texas certainly has the strongest interest in

---

[8] The Federal Judicial Caseload Statistics can be accessed at: https://www.uscourts.gov/statistics-reports/analysis-reports/federal-court-management-statistics. For the Court's convenience, a true and correct copy of the statistics cited in this brief are attached to this Motion. (Exhibit G). The accuracy of these statistics, compiled by the United States Courts themselves, cannot reasonably be questioned. Defendants request that the Court take judicial notice of these statistics pursuant to Federal Rule of Evidence 201. *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of information posted on a government website).

adjudicating the dispute because the case arises out of events occurring in Galveston County and there is no relevant factual connection to the Eastern District of Louisiana. Considering the factual nexus connecting the case to the Southern District of Texas, this factor weighs in favor of transfer.

Additionally, Plaintiff's Original Complaint makes no allegations of any acts or omissions occurring in the Eastern District of Louisiana. Thus, the public interest factors favor transfer.

## PRAYER

Bee Sand requests that this Court dismiss this action or in the alternative, transfer this action to the Southern District of Texas, pursuant to U.S.C. 28 U.S.C. § 1404(a).

Respectfully submitted,



By: */s/ Robert H. Ford*
Robert H. Ford
Fed ID No. 1392569
rford@bradley.com
600 Travis, Suite 4800
Houston, Texas 77002
713-576-0300 – Telephone
713-576-0301 – Facsimile

**ATTORNEY FOR DEFENDANT
TIERRA DE LOS LAGOS, LLC d/b/a
BEE SAND COMPANY**

## **CERTIFICATE OF SERVICE**

      A true and correct copy of the above and foregoing instrument has been served upon the following in accordance with the Federal Rules of Civil Procedure on October 22, 2021.

Jason R. Anders  
Anders Law Firm, LLC  
650 Poydras Street, Suite 1400  
New Orleans, LA 70130

*Attorney for Plaintiff*

                                                              */s/ Robert H. Ford*  
                                                              Robert H. Ford