IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PONTCHARTRAIN PARTNERS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:21-CV-01765- |
| | ) | WBV-DMD |
| v. | ) | |
| | ) | Division "D-12" |
| | ) | |
| TIERRA DE LOS LAGOS, LLC d/b/a | ) | Judge Wendy B. Vitter |
| BEE SAND COMPANY | ) | Magistrate Judge Dana Douglas |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS ANTICIPATORY LAWSUIT AND MOTION TO
TRANSFER VENUE TO THE SOUTHERN DISTRICT
OF TEXAS, GALVESTON DIVISION, IN THE ALTERNATIVE**

MAY IT PLEAES THE COURT:

Plaintiff, Pontchartrain Partners, LLC ("PPLLC") opposes Defendant's, Tierra de Los

Lagos, LLC d/b/a Bee Sand Company ("Bee Sand") Motion to Dismiss Anticipatory Lawsuit and

Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the Alternative

("Motion to Dismiss"), on the following grounds:

1. **Plaintiff properly filed its Petition for Breach of Contract and Declaratory Judgment
   in this Court, and this Court is the proper venue to exercise jurisdiction over this
   action.**

Louisiana Revised Statute 13:3203 states that "A suit on a cause of action described in R.S.

13:3201 may be instituted in the parish where the plaintiff is domiciled, or in any parish of proper

venue." Louisiana Revised Statute 13:3201 states in relevant part that:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by
an agent, as to a cause of action arising from any one of the following activities performed
by the nonresident: (1) Transacting any business in this state….(4) Causing injury or
damage in this state by an offense or quasi offense committed through an act or omission

outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state….

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

In the instant case, Plaintiff is domiciled in Orleans Parish, Louisiana, and Defendant, a nonresident, is domiciled in Harris County, Texas. This Court may exercise personal jurisdiction over the Defendant for several reasons: First, Defendant is transacting business in the state of Louisiana as is shown by the present circumstance in Defendant doing business with Plaintiff, a company domiciled in Louisiana and further by the executed Application for Credit ("Credit App") with Bee Sand in New Orleans, LA. Second, Defendant breached its contract with Plaintiff to provide services at an agreed upon price. Although the breach may have taken place in Texas, Defendant clearly does and solicits business, and derives revenue from goods used or consumed or services rendered in this State, as further evidenced by the Parties' contractual business relationship. Third, this Court may exercise jurisdiction over this case and these Parties consistent with the Constitution of this State and of the Constitution of the United States.

Louisiana Code of Civil Procedure Article 42 states that "The general rules of venue are that an action against: …(5) A foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiff's domicile…." Defendant is not licensed to do business in the State, and therefore, Plaintiff's action shall be brought in the parish of Plaintiff's domicile, which is Orleans Parish, Louisiana, where the Petition was originally brought by Plaintiff.

Louisiana Code of Civil Procedure Article 76.1 more specifically states that "An action on a contract may be brought in the parish where the contract was executed...." Not only was the Credit App executed in Louisiana but the contracted price and services were determined there as well.

Defendant's allegations that mandatory venue is in Texas and that this court is the improper venue are clearly incorrect. Thus, and in accordance with LA. R.S. 13: 3201, 3203, and LA C.C.P. Arts. 42 and 76.1, this Court is the proper venue for this action, and it may exercise personal jurisdiction over Defendant.

Additionally, this Court is not required to transfer this action to any other court and therefore should not transfer it. In fact, under the first-to-file rule, this Court may maintain this action because any claim subsequently filed in Texas State court would substantially overlap with this case.  This Court is the most appropriate venue for all the reasons stated above, which should also include its convenience to the Parties.

**2. Plaintiff's Petition for Breach of Contract and Declaratory Judgment was not anticipatorily filed, and this Court should not dismiss Plaintiff's action based on Defendant's false allegations.**

Defendant's outrageous allegations that Plaintiff filed an inappropriate anticipatory suit to "race to res judicata or to change forums" is completely untrue. Defendant originally filed suit against Plaintiff on June 10, 2021 in Galveston County. More than a month and a half later, on July 26, 2021, Defendant voluntarily dismissed its case without prejudice for no apparent reason. While there was no suit in any court, and with obvious issues still in dispute, Plaintiff filed the current suit against Defendant in Louisiana State court over the disputed claims listed therein. Plaintiff filed its Petition only after Defendant had already filed its own Petition and then

voluntarily dismissed it. Plaintiff, in its sole effort to resolve this matter in a timely manner had no choice but to file its own suit in this appropriate venue.

One of the Declaratory Judgment Act's purposes "is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. The mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal...." *Sherwin–Williams Co. v. Holmes County*, 343 F.3d at 397 (citation omitted). *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 167 (5th Cir. 2015). Plaintiff had every right to file suit as it did to resolve this dispute without waiting to be sued, again. As to Defendant's claims that it notified Plaintiff of its intent to re-file suit after September 1, 2021, Plaintiff had no obligation to wait for Defendant to file another suit after it voluntarily dismissed its original suit, just as Plaintiff had no obligation to wait for Defendant to file suit to claim additional attorney's fees because of a technicality in the law that Defendant was not prepared for until after it filed its initial suit.

Unlike in *Excel Music, Inc. v. Simone*, No. CIV. A. 95-3626, 1996 WL 5708, at *6 (E.D. La. Jan. 5, 1996) where Excel was notified that if they did not comply with a demand letter within 5 days, then Simone would file suit, which Defendant continuously references, Defendant expected Plaintiff to wait an additional month, after the initial month and a half from the initial suit, to begin any resolution of the issues. This is also after having already wasted Plaintiff's time, money, energy, and resources on its initial suit. Had Plaintiff waited for Defendant to file suit, and Defendant failed to do so in the time it stated (which is a common finding in the legal field), then the parties could still be waiting for suit to be filed and have taken no further steps toward resolution. As further evidence, Defendant did not file its second suit on the date that it stated it

would, as noted in Defendant's Motion to Dismiss. Also unlike in *Excel*, the Parties to this suit have not previously litigated any issues in any court in regard to the same or similar facts.

Despite a plaintiff's ability to predict that there may be a related suit filed in a different court, making the initial suit 'anticipatory', the fact that the plaintiff is aware that a suit may follow does not make it an anticipatory lawsuit absent proof of forum-shopping. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir.1998). *Ironshore Specialty*, 624 F. App'x 159, 167. Without more than a mere prediction of a potential suit, a court cannot say that a plaintiff's declaratory judgment action is an instance of forum-shopping instead of it reasonably asserting its rights under the declaratory judgment statute and diversity jurisdiction. *United Capitol*, 155 F.3d 488. Although Plaintiff may have been able to predict that a suit may follow in another court, Plaintiff has not been 'forum shopping', nor has Defendant pointed to any facts or support that Plaintiff has done so.

Often, courts find that anticipatory suits weigh in favor of dismissal when the declaratory judgment plaintiff engaged in "procedural fencing." *Sherwin–Williams,* 343 F.3d at 397 (citation omitted). For example, this Court has found improper procedural fencing where "the declaratory judgment plaintiff used the federal declaratory judgment statute and the defendant's inability to file an earlier state court suit for the sole purpose of controlling the state law that would apply." *Id*. at 397 (discussing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 & n. 3 (5th Cir.1983)). Here there is no indication of procedural fencing, nor has Defendant alleged any procedural fencing or any other alleged unsavory reason for Plaintiff to file an anticipatory lawsuit, for that matter. Plaintiff's sole intent was to seek resolution to the outstanding issues in a timely manner, not to 'win the race to the courthouse' as the Defendants put it. Also, it should be noted that even if there was a race to the courthouse, there is no issue with trying to resolve legal matters

in a timely and expeditious manner, unlike the Defendants might believe, especially when the court has both subject matter and personal jurisdiction over the defendant. Bee Sand cannot reap the benefits of doing business in Louisiana, even while not registered to do business in the State, then complain about being sued on the contracts it enters into in the State.

The Defendant's allegations that Plaintiff is attempting "to secure a more favorable forum" by filing an anticipatory suit, file the declaratory judgment in an inconvenient forum and an improper venue are not supported by the record and should be denied.

As is clear from the facts and law stated herein, this Court is the proper venue for Plaintiff's Petition for Breach of Contract and Declaratory Judgment, this Petition was not filed anticipatorily, and this Court should not transfer the action to any other court.

Additionally, because there was no lawsuit pending when PPLLC filed its lawsuit in Louisiana, and Bee Sand subsequently filed a new lawsuit in Texas, PPLLC has filed a Motion to Dismiss, Transfer, or Stay the subsequently filed litigation in the Southern District of Texas based on the first-to-file rule. A copy of PPLLC's motion is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff, Pontchartrain Partners, LLC, prays that the Motion to Dismiss Anticipatory Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the Alternative filed herein by Defendant, Tierra de Los Lagos, LLC d/b/a Bee Sand Company, be denied.

Respectfully submitted,

/s/ Jason R. Anders
JASON R. ANDERS
ANDERS LAW FIRM, LLC
La. Bar Roll No. 26171
650 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 407-2552
E-mail: jason@anderslawfirm.com

Attorney for Plaintiff, Pontchartrain Partners, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record and unrepresented parties by email, or by First Class United States mail, this 8th day of November, 2021.

/s/ Jason R. Anders
Jason R. Anders

7