# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Tierra De Los Lagos, LLC d/b/a Bee Sand Company,<br><br>        Plaintiff<br><br>v.<br><br>Pontchartrain Partners, LLC,<br><br>        Defendant | Civil Action No. 3:21-CV-00298 |

## MOTION TO DISMISSS, TRANSFER OR STAY

Defendant, Pontchartrain Partners, LLC ("PPLLC"), respectfully submits this memorandum in support of its motion to dismiss, transfer, or stay the action filed by Plaintiff, Tierra De Los Lagos, LLC d/b/a Bee Sand Company ("Bee Sand").

### I. Statement of the Case

On September 3, 2021, Bee Sand filed an Original Petition in the Galveston County - County Court at Law No. 3 (the "Petition"). This lawsuit is identical to an earlier lawsuit that was filed by Bee Sand on June 10, 2021, in the same state court, and removed to this Court. That lawsuit, identified as Civil Action No. 3:21-cv-00184 in this Court, was voluntarily dismissed by Bee Sand pursuant to a Stipulation of Dismissal filed on July 26, 2021, in accordance with Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. See Exhibit "A".

On August 26, 2021, when no litigation was pending between the parties, PPLLC filed suit against Bee Sand in state court in Louisiana based on the same transaction and occurrence. Bee Sand was served with the Louisiana state court Petition on August 31, 2021 (the "Louisiana Petition"). See Exhibit "B". Bee Sand subsequently removed the Louisiana Petition to the Eastern

District of Louisiana. Despite being served with the Louisiana Petition, Bee Sand still filed this duplicative lawsuit.

The Louisiana Petition is based on the following facts, all of which overlap with the factual and legal issues raised in this case:

"5.

On October 4, 2018, PPLLC executed the attached Application for Credit with Bee Sand in New Orleans, Louisiana. See Exhibit "A", Application for Credit.

6.

Bee Sand provided two separate quotes to PPLLC for the delivery and/or trucking of clay fill. The first quote, dated May 21, 2018, came in the form of an email from John Browne of Bee Sand to PPLLC's representative Lola Davis, in which Mr. Browne stated: "$100 a load for clay and select fill respectively. These are delivered prices." See Exhibit "B".

7.

Work on this project did not begin immediately, so PPLLC re-engaged Mr. Browne in September of 2018. On September 20, 2018, Mr. Browne confirmed that the original quote was still good, stating: "Everything is set to go. I will honor the original quote of $100 a load." See Exhibit "C".

8.

PPLLC and Bee Sand entered into an agreement for the delivery and/or trucking of clay fill based on the quote from Bee Sand.

9.

Once work began, Bee Sand performed on the project and invoiced PPLLC at a rate of $100 per load. All such invoices reflecting these rates were paid in full.

10.

On December 4, 2018, PPLLC reached out to Mr. Browne to ascertain whether Bee Sand would be able to transport rip rap and whether Bee Sand could meet certain requirements while transporting the rip rap. Mr. Browne responded that if he were to transport rip rap, the price would have to be increased. However, the price for transporting clay fill would not change.

11.

Despite this statement, and in a clear breach of the parties' agreement, once work resumed, Bee Sand submitted invoices for transporting clay fill at an increased rate of $120 per load. PPLLC never agreed to this rate."

Louisiana Petition, Paragraphs 5-11, Exhibit "B".

The Louisiana Petition asserts claims for breach of contract and declaratory judgment. There is a significant overlap of the facts and issues that will be presented in the first-filed case in the Eastern District of Louisiana. The subsequent case filed by Bee Sand in this Court should be dismissed, transferred to the Eastern District of Louisiana, or stayed pending a resolution of the Louisiana litigation.

## II. Legal Standard and Argument

"Under the first-to-file rule, federal courts may decline to hear a case when an earlier-filed case pending in a different federal court raises similar issues." *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 630 (W.D. Tex. 2018) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)). "The [first-to-file] rule rests on principles of comity and sound judicial administration and the concern underlying the rule manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015) (per curiam) (quotation marks and citations omitted); *Nextier Completion Solutions Inc.*, v. *Dynaenergetics Europe Gmbh, et al.*, 2021 WL 3620068, at *1 (S.D. Tex. Aug. 16, 2021).

"A second-filed court plays a limited role when presented with a motion to transfer or stay based on the first-to-file rule." *Id.* at *2 (citing *Stannard v. Nat'l Indoor RV Ctrs.*, LLC, No. 4:18-CV-00366, 2018 WL 3608560, at *1 (E.D. Tex. July 27, 2018) (citation omitted). "As the second-filed court, the [c]ourt's limited role is to determine whether there is substantial overlap between the two suits." *Nextier*, at *2 (citing *Platt v. Nash*, No. 4:16-CV-00294, 2016 WL 6037856, at *2 (E.D. Tex. Oct. 14, 2016)). In determining if there is substantial overlap, courts consider whether the "core issue" in the cases is the same and "much of the proof adduced ... would likely be identical." *Nextier*, at *2 (citing *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). "If there is some but not complete overlap between the cases, courts consider 'the extent of the overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.'" *Id.*

It is clear that the first-filed litigation in the Eastern District of Louisiana will involve a substantial overlap of the facts and legal issues raised in this subsequently filed litigation. The core issues are the same, the witnesses will be the same, and the evidence to be submitted on the purported contractual obligation will be the same. Bee Sand entered into a contract that was signed by PPLLC in Louisiana. Bee Sand relies on that contract as part of its claims. The Louisiana court unquestionably has jurisdiction to hear this matter, and the matter filed in the Eastern District of Louisiana was filed prior to matter pending in this court.

### III. CONCLUSION

The matter filed by Bee Sand in this Court should be dismissed, transferred or stayed pending the outcome of the litigation in the Eastern District of Louisiana. There is clearly a substantial overlap of issues, facts, witnesses, and evidence involved in the proceedings, and the core issues are the same. The Eastern District of Louisiana has jurisdiction to hear the case, and under the first-to-file rule, this Court should dismiss this matter, transfer it to the Eastern District of Louisiana, or stay this matter.

Dated: November 8, 2021

Respectfully submitted,

/s/ Jason R. Anders
Jason Anders
Texas Bar No. 24056835
ANDERS LAW FIRM
650 Poydras Street, Suite 1400
New Orleans, LA 70130
Tel: 504-407-2552
jason@anderslawfirm.com

Counsel for Defendant
Pontchartrain Partners, LLC

# CERTIFICATE OF SERVICE

I certify that, on the date set forth below, I caused a true and correct copy of the foregoing document to be served via the Court's electronic filing system upon the following:

Benjamin W. Allen
State Bar No. 24069288
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 227-0104
ballen@wallaceallen.com

Attorney For Plaintiff,
Tierra De Los Lagos, LLC d/b/a
Bee Sand Company

Dated: November 8, 2021

/s/ Jason Anders
Jason Anders
Texas Bar No. 24056835
ANDERS LAW FIRM
650 Poydras Street, Suite 1400
New Orleans, LA 70130
Tel: 504-407-2552
jason@anderslawfirm.com

Counsel for Defendant
Pontchartrain Partners, LLC