IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| PONTCHARTRAIN PARTNERS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-cv-01765-WBV-DMD |
| TIERRA DE LOS LAGOS, LLC d/b/a BEE SAND COMPANY | § § § § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

### DEFENDANT BEE SAND'S REPLY IN SUPPORT OF MOTION TO DISMISS ANTICIPATORY LAWSUIT AND MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF TEXAS, GALVESTON DIVISION, IN THE ALTERNATIVE

Defendant Tierra De Los Lagos, LLC d/b/a Bee Sand Company ("Bee Sand" or "Defendant"), files this Reply in Support of its Motion to Dismiss Anticipatory Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the alternative (Dkt. No. 10).

### ARGUMENTS AND AUTHORITIES

This issue before the Court is simple – whether this Court should exercise its discretion to decline to exercise jurisdiction over this suit, which was filed in clear and direct anticipation of Case No. 3:21-cv-00298, *Tierra De Los Lagos, LLC d/b/a Bee Sand Company v. Pontchartrain Partners, LLC*, Southern District of Texas, Galveston Division. (*See* Exhibit A, Notice of Removal). The reason this case is anticipatory is also simple – another federal case was previously proceeding in the Galveston Division over the same subject matter as this dispute (the "Previous Case") prior to it being dismissed without prejudice with the intent to re-file in



September of 2021, after a change in Texas law took effect. (Exhibit B, Declaration of Ben Allen). As a courtesy, at the time of dismissal, Mr. Allen told Pontchartrain's counsel that it was going to re-file once a new statute went into effect. (*Id.*). Five days before that law took effect and Bee Sand could re-file, Pontchartrain filed this action, seeking declaratory relief and alleging breach of contract for Bee Sand overcharging on amounts that Pontchartrain has never paid. This is a defensive, anticipatory suit in the truest sense and this Court should dismiss the case, or send it to the Southern District of Texas, Galveston Division, in the alternative.

**I.     This case should be dismissed as an anticipatory lawsuit.**

Pontchartrain Partners, LLC ("Pontchartrain") does not dispute the state of the law that when a declaratory action is filed in anticipation of another lawsuit to secure a more favorable forum, the first-to-file rule does not apply, and the Court should decline to exercise jurisdiction over the anticipatory lawsuit and dismiss the case. *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.,* 996 F.2d 774, 776 (5th Cir. 1993). Instead, it argues unpersuasively that this case was not an anticipatory lawsuit. (Dkt. No. 13, Plaintiff's Opposition to Defendant's Motion to Dismiss Anticipatory Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the Alternative, pp. 3-6). However, the procedural record of this case demonstrates quite the opposite. Ben Allen, counsel for Bee Sand in the Previous Case and in the current action in the Southern District of Texas, testifies as follows by way of declaration:

> Upon reviewing the file and determining that commencing a new case in September would present no statute of limitations issues, I prepared a Rule 41(a)(1)(A)(i) stipulation of dismissal without prejudice of the Previous Case, and filed it on July 26, 2021 prior to Pontchartrain filing an answer. The same day as the filing, I conferred with Jason Anders [counsel for Pontchartrain] about two topics. First, I informed him of the statutory change and my intention to commence a new lawsuit in September 2021 to take advantage of the loophole closing for recovery of attorneys' fees. Second, I offered as a courtesy to him to file the new suit in federal court so that he would not have to incur the

> unnecessary litigation expense of removal if he would agree not to seek expenses on a refiled case pursuant to Rule 41.
>
> I told him that otherwise, I would re-file in my choice of forum, Harris County County Court, and he would have to incur the expense of removing the lawsuit again. In that circumstance, the Rule 41 expenses application would not be available since I would have commenced the lawsuit in state court. As I saw it, I was offering to do him and his client a favor in a manner that neither benefitted nor prejudiced me or my client. Mr. Anders told me that he could not take me up on my offer right away, and I told him that was fine, but to please let me know before September, which he said he would.
>
> As things would turn out, I was punished for my courtesy to Mr. Anders, as he did not respond to my offer and instead filed an anticipatory declaratory judgment action in Orleans Parish, on August 26, 2021.
>
> The Opposition to Bee Sand's Motion to Dismiss states that "Defendant voluntarily dismissed its case without prejudice for no apparent reason," but this is demonstrably false, and Pontchartrain knows it. (Dkt. No. 13, p. 3). I told Mr. Anders on July 26, 2021 that I dismissed the Previous Case without prejudice so that I could commence a new action in September in which attorneys' fees would be recoverable against his client, a Limited Liability Company.

(Exhibit B, pp. 2-3).

Like this case, when a declaratory judgment action is filed after the express notice Mr. Allen gave Mr. Anders, that is an anticipatory filing. This district's analysis of a similarly situation in *Lagniappe* is instructive:

> It was after Carolina Lanterns gave Lagniappe Lighting express notice that it had one week to discontinue its infringing activities or that a lawsuit would be necessary to protect Carolina Lantern's rights, that Lagniappe Lighting filed its preemptive strike in this Court. Based on this and other facts in the record, the Court concludes that the filing of this action was motivated by Lagniappe Lighting's desire to win a "race to the courthouse," and constitutes a misuse of the Declaratory Judgment Act.

*Lagniappe Lighting, LLC v. Carolina Lanterns & Accessories, Inc.*, No. CIV.A. 07-1094, 2007 WL 1139582, at *4 (E.D. La. Apr. 17, 2007).

The Opposition does not deny that Mr. Allen told Mr. Anders of Bee Sand's intent to re-file, but instead says "Plaintiff had no obligation to wait for Defendant to file suit to claim

additional attorney's fees because of a technicality in the law that Defendant was not prepared for until after it filed suit." (*Id.*). In making this allegation, the Opposition in fact tacitly admits that Pontchartrain knew Bee Sand would commence a new suit in September after the new Chapter 38 of the Texas Civil Practice and Remedies Code went into effect. By filing suit in Louisiana State Court *five days before the law went into effect* and seeking declaratory relief that it did not breach and that Bee Sand overcharged but making no meaningful affirmative claims for relief, Pontchartrain's filing of this action is a textbook example of an anticipatory filing. This case should be dismissed.

**II.     In the alternative, this case should be transferred to the Galveston Division of the Southern District of Texas.**

Furthermore, Pontchartrain makes no effort to address the proper standard for a motion to transfer or contravene the undisputed venue facts which clearly establish that the critical mass of relevant witnesses, the contract at issue, the real estate at issue, and the relevant facts are all in the Southern District of Texas, Galveston Division. (*See* Dkt. No. 8, pp. 7-18). In the event this Court does not choose to dismiss this anticipatory filing—and it should, to discourage this type of conduct—this case should be transferred to the Southern District of Texas, Galveston Division.

## PRAYER

Bee Sand requests that this Court dismiss this action or in the alternative, transfer this action to the Southern District of Texas, pursuant to U.S.C. 28 U.S.C. § 1404(a).

Respectfully submitted,

**BRADLEY ARANT BOULT & CUMMINGS LLP**

By: /s/ Robert H. Ford
    Robert H. Ford
    Fed ID No. 1392569
    rford@bradley.com
    Melissa S. Gutierrez
    Fed ID No. 2255351
    mgutierrez@bradley.com
    600 Travis, Suite 4800
    Houston, Texas 77002
    713-576-0300 – Telephone
    713-576-0301 – Facsimile

**ATTORNEY FOR DEFENDANT**
**TIERRA DO LOS LAGOS, LLC d/b/a**
**BEE SAND COMPANY**

**CERTIFICATE OF SERVICE**

    I certify that, on November 15, 2021, I served this instrument in accordance with the Federal Rules of Civil Procedure:

Jason R. Anders
Anders Law Firm, LLC
650 Poydras Street, Suite 1400
New Orleans, LA 70130

**ATTORNEY FOR PLAINTIFF**
**PONTCHARTRAIN PARTNERS, LLC**

    /s/ Robert H. Ford
    Robert H. Ford