IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Tierra De Los Lagos, LLC d/b/a Bee Sand Company,<br><br>           Plaintiff<br><br>v.<br><br>Pontchartrain Partners, LLC,<br><br>           Defendant | Civil Action No. |

**<u>DEFENDANT'S REMOVAL NOTICE</u>**

Defendant, Pontchartrain Partners, LLC ("PPLLC"), removes the action filed by Plaintiff, Tierra De Los Lagos, LLC d/b/a Bee Sand Company ("Bee Sand") in state court to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

**I. STATEMENT OF THE CASE**

On September 3, 2021, Bee Sand filed an Original Petition in the Galveston County - County Court at Law No. 3 (the "Petition"). A copy of the Petition is attached hereto as Exhibit "A". This lawsuit is identical to an earlier lawsuit that was filed by Bee Sand on June 10, 2021, in the same state court, and removed to this Court. That lawsuit, identified as Civil Action No. 3:21-cv-00184 in this Court, was voluntarily dismissed by Bee Sand pursuant to a Stipulation of Dismissal filed on July 26, 2021, in accordance with Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. See Exhibit "B".

On August 26, 2021, when no litigation was pending between the parties, PPLLC filed suit against Bee Sand in state court in Louisiana based on the same transaction and occurrence. Bee



- 1 -

Sand was served with the Louisiana state court Petition on August 31, 2021. See Exhibit "C". Despite being served with the Louisiana Petition, Bee Sand still filed this duplicative lawsuit.

Nevertheless, the matter filed by Bee Sand is properly removable to this Court, as was its previous lawsuit. In Paragraph 7 of the Petition, Bee Sand alleges that "[d]uring the months of November 2018 through April of 2019, Plaintiff provided services and materials to Defendant for a project located in Texas City, Galveston County. Defendant failed to pay for the materials and services provided." In Paragraph 16, Bee Sand alleges that "[t]he amount due on the account for services performed and material delivered for Defendant is $112,870.00". In its Petition, Bee Sand asserts causes of action for breach of contract, suit on sworn account, quantum meruit, misapplication of trust funds, and attorney's fees.

## II. BASIS FOR DIVERSITY JURISDICTION

The court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000.

### A. The parties are citizens of different states.

Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." See *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The real parties in interest are diverse.

Plaintiff, Bee Sand, is a Texas limited liability company doing business in Harris County, Texas. On information and belief, all of the members of Bee Sand are citizens of the State of Texas. Bee Sand is therefore deemed to be a citizen of the State of Texas. See Exhibit "D", Secretary of State records regarding Bee Sand.

Defendant, PPLLC, is a Louisiana limited liability company and all of its members are Louisiana citizens. PPLLC is therefore deemed to be a citizen of the State of Louisiana.

**B. The amount in controversy exceeds $75,000.**

When a defendant seeks removal on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. See 28 U.S.C. § 1446(c)(2). In this case, Bee Sand has specifically alleged that the amount in controversy is at least $112,870.00. See Exhibit "A", Para. 16.

The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction over this action.

### III. PROCEDURAL REQUIREMENTS SATISFIED

Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty days of PPLLC's receipt of the complaint, through service or otherwise. Venue is proper in this court because the United States District Court for the Southern District of Texas embraces the place in which the state court action was pending. 28 U.S.C. § 1441(a). Notice has been sent to the state court regarding this removal. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as Exhibit "A", *in globo*.

## IV. CONCLUSION

The parties are completely diverse, and the amount in controversy exceeds $75,000. This court may exercise diversity jurisdiction over this action.

Dated: October 21, 2021

Respectfully submitted,

/s/ Jason R. Anders
Jason Anders
Texas Bar No. 24056835
ANDERS LAW FIRM
650 Poydras Street, Suite 1400
New Orleans, LA 70130
Tel: 504-407-2552
jason@anderslawfirm.com

Counsel for Defendant
Pontchartrain Partners, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| PONTCHARTRAIN PARTNERS, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO.   2:21-cv-01765-WBV-DMD |
| TIERRA DE LOS LAGOS, LLC d/b/a BEE SAND COMPANY | § § § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## DECLARATION OF BENJAMIN W. ALLEN

My name is Benjamin W. Allen. I am counsel for Tierra De Los Lagos d/b/a Bee Sand Company and represented Bee Sand Company in the Previous Case, which was filed in Harris County state court and removed by defendant Pontchartrain Partners, LLC. (*See* Dkt. No. XX, Memorandum in Support of Motion to Dismiss and Transfer in the Alternative, Exhibit A, Plaintiff's Original Petition in the Previous Case).

Five days after the filing of the Previous Case, the Texas legislature passed a legislation which closed a loophole in the Texas statute governing recoverability of attorney's fees in a breach of contract action. Specifically, Texas courts had interpreted the former version of the statute to only apply to individuals and corporations, but not limited liabilities, partnerships, and other various filing entities. On June 15, 2021, the Texas Governor signed and approved the bill which would close this loophole and for every lawsuit commenced on or after September 1, 2021, attorneys' fees are recoverable for a prevailing party against most entities filed with the Texas Secretary of State, including specifically limited liability companies. *See* TEX. CIV. PRAC. & REM.



EXHIBIT B

CODE §§ 38.001, 1.002; *see also* "Texas Fixes Statutory Language Affecting Attorneys' Fees Recovery under Chapter 38, The National Law Review, July 19, 2021, *available at* https://www.natlawreview.com/article/texas-fixes-statutory-language-affecting-attorneys-fees-recovery-under-chapter-38.

Upon reviewing the file and determining that commencing a new case in September would present no statute of limitations issues, I prepared a Rule 41(a)(1)(A)(i) stipulation of dismissal without prejudice of the Previous Case, and filed it on July 26, 2021 prior to Pontchartrain filing an answer. The same day as the filing, I conferred with Jason Anders about two topics. First, I informed him of the statutory change and my intention to commence a new lawsuit in September 2021 to take advantage of the loophole closing for recovery of attorneys' fees. Second, I offered as a courtesy to him to file the new suit in federal court so that he would not have to incur the unnecessary litigation expense of removal if he would agree not to seek expenses on a refiled case pursuant to Rule 41.

I told him that otherwise, I would re-file in my choice of forum, Harris County County Court, and he would have to incur the expense of removing the lawsuit again. In that circumstance, the Rule 41 expenses application would not be available since I would have commenced the lawsuit in state court. As I saw it, I was offering to do him and his client a favor in a manner that neither benefitted nor prejudiced me or my client. Mr. Anders told me that he could not take me up on my offer right away, and I told him that was fine, but to please let me know before September, which he said he would.

As things would turn out, I was punished for my courtesy to Mr. Anders, as he did not respond to my offer and instead filed an anticipatory declaratory judgment action in Orleans Parish, on August 26, 2021.

The Opposition to Bee Sand's Motion to Dismiss states that "Defendant voluntarily dismissed its case without prejudice for no apparent reason," but this is demonstrably false, and Pontchartrain knows it. (*Id.* at p. 3). I told Mr. Anders on July 26, 2021 that I dismissed the Previous Case without prejudice so that I could commence a new action in September in which attorneys' fees would be recoverable against his client, a Limited Liability Company.

I, Benjamin W. Allen, declare under penalty of perjury that the foregoing is true, correct, and within my personal knowledge. I am executing this declaration within the territorial limits of the United States of America.

EXECUTED on __November 15,_____, 2021.

_____
Benjamin W. Allen