UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PONTCHARTRAIN PARTNERS, LLC** | **CIVIL MATTER** |
| **VERSUS** | **NO. 21-1765** |
| **TIERRA DE LOS LAGOS, LLC d/b/a BEE SAND COMPANY** | **SECTION D (3)** |

## ORDER AND REASONS

Before the Court is Defendant Tierra De Los Lagos, LLC d/b/a Bee Sand Company ("Bee Sand")'s Motion to Dismiss Anticipatory Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the Alternative.[1] Plaintiff Pontchartrain Partners, LLC ("Pontchartrain") has filed an opposition.[2] Bee Sand has filed a reply.[3]

Bee Sand has also filed a Motion Addressing Proper Venue.[4] Pontchartrain has filed an opposition to that Motion.[5] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** Bee Sand's Motion to Dismiss Anticipatory Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the Alternative.[6]

---

[1] R. Doc. 10.
[2] R. Doc. 13.
[3] R. Doc. 18.
[4] R. Doc. 29.
[5] R. Doc. 31.
[6] R. Doc. 10.

## I. FACTUAL BACKGROUND

This case arises from Pontchartrain's refusal to pay Bee Sand in accordance with the parties' contract for the transportation of construction materials to the Texas City Dike in Galveston County, Texas.[7] On June 10, 2021, Bee Sand originally filed suit in state court in Harris County, Texas, seeking to recover amounts Pontchartrain refused to pay it for the transportation of clay fill and rip rap.[8] On July 15, 2021, Pontchartrain removed the case to the United States District Court for the Southern District of Texas.[9] On July 26, 2021, Bee Sand voluntarily dismissed the case without prejudice.[10]

On the same day, July 26, 2021, shortly after the voluntary dismissal of the previous action, counsel for Bee Sand contacted counsel for Pontchartrain and informed him of Bee Sand's intent to refile the action after the new Texas law took effect on September 1, 2021.[11] Counsel for Bee Sand further offered as a courtesy to file the new lawsuit in federal court so that Pontchartrain would not have to incur the expense of removal to federal court.[12] Pontchartrain Partners did not respond. On August 26, 2021, Pontchartrain filed the present case, seeking a declaratory judgment, in Orleans Parish state court.[13] Bee Sand removed the present case to this

---

[7] R. Doc. 1.
[8] R. Doc. 29-2.
[9] R. Doc. 29-3.
[10] R. Doc. 29-4; *see also* R. Doc. 18-1. Bee Sand contends that it dismissed the matter due to the passage of a new Texas law regarding recovery of attorneys' fees scheduled to take effect on September 1, 2021, with full intention of re-filing the matter once the new law took effect.
[11] R. Doc. 18-1.
[12] *Id.*
[13] R. Doc. 1.

Court[14] and then refiled its previously filed lawsuit in state court in Galveston County, Texas on September 3, 2021.[15] That case has since been removed to federal court for the Southern District of Texas.[16]

Bee Sand has filed a Motion to Dismiss Anticipatory Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the Alternative.[17] Bee Sand argues that the present lawsuit is anticipatory in nature and that the Court should decline to exercise jurisdiction.[18] Bee Sand contends that the present action was only filed by Pontchartrain in anticipation of Bee Sand's refiling in order to secure a more favorable forum.[19] Alternatively, Bee Sand requests that the present lawsuit be transferred to the Southern District of Texas because that is where the alleged breach of contract occurred.[20]

Pontchartrain has filed a response.[21] Pontchartrain argues that it properly filed this lawsuit in Orleans Parish Civil District Court and that this Court has personal jurisdiction over Bee Sand.[22] Pontchartrain contends that this lawsuit was not filed in anticipation of another lawsuit because Bee Sand had "voluntarily dismissed its case without prejudice for no apparent reason" and it was simply seeking to resolve the outstanding claims.[23]

---

[14] *Id.*
[15] R. Doc. 29-6.
[16] *See* R. Doc. 29.
[17] R. Doc. 10.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] R. Doc. 13.
[22] *Id.*
[23] *Id.*

Bee Sand has filed a reply.[24] Bee Sand argues that it provided notice to Pontchartrain that it would be refiling its lawsuit in Texas once a new Texas law took effect on September 1, 2021.[25] In support, Bee Sand provides a declaration from Benjamin Allen, counsel for Bee Sand, detailing his communication regarding the voluntary dismissal of the lawsuit and intention to re-file following September 1, 2021.[26] Bee Sand contends that Pontchartrain ignored this communication and instead filed this defensive and anticipatory suit.[27]

Bee Sand also filed a Motion Addressing Proper Venue that largely summarizes its previous arguments.[28] Bee Sand argues this Court lacks jurisdiction over Plaintiff's inverse declaratory action because it is anticipatory in nature and because the Southern District of Texas is the proper forum to decide the matter.[29]

Pontchartrain has filed an opposition to the Motion Addressing Proper Venue in which it argues that this action was filed properly as a declaratory judgment in anticipation of an expected lawsuit and that venue is proper in the Eastern District of Louisiana because Pontchartrain is domiciled in New Orleans and the contract at issue was executed by Pontchartrain in New Orleans.[30]

---

[24] R. Doc. 18.
[25] *Id.*
[26] R. Doc. 18-1.
[27] *Id.*
[28] R. Doc. 29.
[29] *Id.*
[30] R. Doc. 31.

## II. LEGAL STANDARD

Federal courts have long recognized that the principle of comity requires federal district courts to exercise care to avoid interference with each other's affairs.[31] Adherence to this principle prevents duplicative litigation, avoids rulings that may undermine the authority of sister courts, and avoids piecemeal resolution of issues that call for a uniform result.[32] To prevent such outcomes, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court."[33] This type of dismissal is commonly referred to as the "first to file rule."[34] A district court may also, in the alternative, stay or transfer the action.[35] An exception to the "first to file rule" arises when there are "compelling circumstances" that obviate the applicability of the "first to file rule" and the first action filed may be dismissed rather than the second action filed.[36]

"In determining whether to dismiss an action, the court must answer two questions: (1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts

---

[31] *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180 (1952); *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985).
[32] *West Gulf Maritime*, 751 F.2d at 729.
[33] *Id.* (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976))
[34] *Excel Music, Inc. v. Simone*, No. CIV.A. 95-3626, 1996 WL 5708, at *6 (E.D. La. Jan. 5, 1996); *see also Lagniappe Lighting, LLC v. Carolina Lanterns & Accessories, Inc.*, No. CIV.A. 07-1094, 2007 WL 1139582, at *3 (E.D. La. Apr. 17, 2007).
[35] *Id.*
[36] *Excel,* 1996 WL 5708, at *5; *see also Lagniappe Lighting*, 2007 WL 1139582, at *3.

should resolve the case?"[37] The court with "'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions."[38]

### III. ANALYSIS

As a preliminary matter, the Court determines that it has diversity jurisdiction over the present case. Plaintiff and Defendant contend there is complete diversity and that the amount in controversy exceeds the sum of $75,000.[39] Based on those representations, the Court is satisfied that it has jurisdiction to consider the present pending motions.

**A. Are the Two Pending Actions Duplicative?**

The first determination that must be made is whether the issues presented in the present case are substantially similar to the issues presented in Defendant's lawsuit pending in federal court in the Southern District of Texas or, put another way, whether the issues presented in the two lawsuits would likely overlap to a substantial degree.[40]

Generally, the issues presented in two separate actions need not be identical to allow one court to decide the action, "but there must be 'substantial overlap

---

[37] *Excel,* 1996 WL 5708, at *5 (citing *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F.Supp. 994, 997 (E.D. Tex. 1993)).
[38] *West Gulf Maritime*, 751 F.2d at 730 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)); *see Excel*, 1996 WL 5708, at *6 ("In the absence of 'compelling circumstances,' the district court who gets the suit first should be one to decide the case").
[39] *See* R. Doc. 35 (Defendant's comprehensive Notice of Removal). Plaintiff is a limited liability company whose members, Barlow Cook, Danny Blanks, and James Washington III, are each residents of Louisiana. Defendant is a limited liability company whose members, Richard A. Martini and Nancy Cowan, are each residents of Texas.
[40] *Excel*, 1996 WL 5708, at *5.

between the two suits.'"[41] "Courts have noted that a substantial relationship exists between two suits where the issues, though not identical, are similar enough that the cases would be consolidated if filed in the same court."[42]

Here, the parties do not dispute that there is substantial overlap between the two cases. Both cases involve the same parties, the same contract regarding the improvement of Texas City's vital levee system and the Texas City dike, the same delivery of goods, specifically clay and rip rap, and both involve the same alleged breach of the parties' contract.[43] In the original case filed in Texas by Bee Sand and then subsequently refiled again, Bee Sand is seeking recovery for a breach of contract due to Pontchartrain's failure to pay for clay and rip rap materials provided.[44] In the present dispute filed in Louisiana, Pontchartrain is seeking a declaration that it did not breach the same contract between the parties when it failed to pay Bee Sand for the delivery of clay and rip rap.[45] Accordingly, the Court finds that the two cases are substantially similar.

### B. Which Court Should Decide the Lawsuit?

The Court now turns to the question of which court should decide these lawsuits. "In the absence of 'compelling circumstances,' the district court who gets

---

[41] *Excel*, 1996 WL 5708, at *5 (quoting *West Gulf Maritime*, 751 F.2d at 730 (quoting *Mann*, 439 F.2d at 408)); *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (Courts will generally dismiss a second-filed action if it presents a question that is closely related to the question raised in the first-filed action, or if the "overall content of each suit ... would likely overlap"); *Wash. Metro. Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980).
[42] *Lear Siegler Serv. v. Ensil Int'l Corp.*, No. SA-05-CA-0679-XR, 2005 WL 2645008, at *2 (W.D. Tex. Sept. 20, 2005).
[43] *See* R. Doc. 1; *see also* R. Doc. 29-2.
[44] R. Doc. 29-2.
[45] R. Doc. 1.

the suit first should be the one to decide the case."[46] One compelling circumstance upon which a first to be filed lawsuit may be dismissed is if it is a declaratory action.[47] Courts have held that a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction.[48] "The wholesome purposes of [the] declaratory act [ ] would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum."[49] Consequently, courts have dismissed first-filed declaratory actions in deference to second-filed actions when the first-filed declaratory action was filed in anticipation of the second action.[50]

In *Mission Insurance Company v. Puritan Fashions Corporation*, the Fifth Circuit held that a plaintiff's action filed shortly after receiving notice that suit would be filed against them in thirty days was anticipatory.[51] Similarly, in *Excel Music v.*

---

[46] *Excel*, 1996 WL 5708 at *6 (quoting *Mann*, 439 F.2d at 407).
[47] *909 Corp. v. Bolingbrook Police Pension Fund*, 741 F.Supp. 1290 (S.D. Tex. 1990); *see also Johnson Bros. Corp. v. Int'l Brotherhood of Painters*, 861 F.Supp. 28, 29 (M.D. La. 1994) ("'Compelling circumstances' exist when a declaratory action is filed in anticipation of another lawsuit in order to secure a more favorable forum"); *Stack v. Whitney Nat'l Bank*, 789 F.Supp. 753 (S.D. Miss. 1991), aff'd, 958 F.2d 1078 (5th Cir. 1992) (suit purely in anticipation of another is subject to dismissal under the compelling circumstances test, citing *909 Corp.*); *Excel*, 1996 WL 5708, at *6 ("The party filing suit in anticipation of a suit in another forum should not be rewarded for what amounts to forum shopping").
[48] *See Mission Insurance v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983) (involving a letter extending the right of the first-filed action defendant to sue within 30 days) (emphasis added); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967), cert. denied, 389 U.S. 1039, 88 S.Ct. 776, 19 L.Ed.2d 828 (1968) (first-filed action plaintiff filed suit after being informed by defendant of her intention to involve plaintiff in a lawsuit); *E.F. Hutton & Co. v. Cook*, 292 F.Supp. 409, 410 (S.D. Tex. 1968); *909 Corp.*, 741 F.Supp. at 1290.
[49] *New Orleans Public Serv. Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986) (quoting *H.J. Heinz Co. v. Owens*, 189 F.2d 505, 508 (9th Cir. 1951)).
[50] *909 Corp.*, 741 F.Supp. 1290; *see also Johnson Bros.*, 861 F.Supp. at 29 ("'Compelling circumstances' exist when a declaratory action is filed in anticipation of another lawsuit in order to secure a more favorable forum;" citing 909 Corp. and Stack ); *Stack*, 789 F.Supp. 753, aff'd, 958 F.2d 1078 (5th Cir. 1992) (suit purely in anticipation of another is subject to dismissal under the compelling circumstances test).
[51] 706 F.2d at 602.

*Simone*, a plaintiff filed a declaratory action after receiving notice that the defendant would file suit in five days if it did not comply with the defendant's demands.[52] The court determined that the plaintiff's declaratory action was "obviously filed in anticipation" of defendant's suit and was grounds for the court to "[put] aside the 'first filed' rule."[53] Further, in *Lagniappe Lighting, LLC v. Carolina Lanterns & Accessories, Inc.*, the court held that there was a "misuse of the Declaratory Judgment Act" when a party filed a preemptive lawsuit after it was given notice that an aggrieved party would be filing a lawsuit if infringement related activities did not cease.[54]

    Here, there is ample evidence of compelling reasons for the Court to set aside the "first to file rule" and dismiss the present case. Bee Sand argues that the present case is an anticipatory action filed by Pontchartrain because there is significant evidence that Bee Sand provided notice to Pontchartrain that it planned to dismiss and then refile its lawsuit.[55] In a sworn affidavit, counsel for Bee Sand states that on July 26, 2021, he spoke with counsel for Pontchartrain and informed him that Bee Sand intended to dismiss its lawsuit previously pending in the Southern District of Texas and refile it in September 2021 after a new Texas law governing recovery of attorney fees took effect.[56] Counsel for Bee Sand offered to refile the lawsuit in federal court so that Pontchartrain would not have to incur the cost of removal.[57] Counsel for

---

[52] *Excel*, 1996 WL 5708, at *6.
[53] *Id.*
[54] No. Civ. 07-1094, 2007 WL 1139582, at *4 (E.D. La. Apr. 17, 2007).
[55] R. Doc. 18-1.
[56] *Id.*
[57] *Id.*

Pontchartrain did not respond to this offer and instead filed this nearly identical lawsuit on August 26, 2021 in Louisiana state court.[58] Bee Sand then filed a separate lawsuit on September 3, 2021 in Texas.[59] Counsel for Pontchartrain does not dispute this account, though it asserts, somewhat disingenuously, that "Bee Sand knew or should have known of the change in Texas law when it filed its original Petition prematurely in state court."[60] Notedly, it does not specifically refute counsel's declaration.

Pontchartrain argues that the present case differs from *Excel Music* because the plaintiff in *Excel Music* was provided with a specific timeframe upon which the lawsuit would be refiled, specifically five days.[61] Pontchartrain contends that it was unaware when Bee Sand would be refiling its lawsuit and that it had no duty to wait for Bee Sand to refile its lawsuit.[62] The Court is not persuaded by this argument. Bee Sand informed Pontchartrain that it intended to refile its lawsuit in September 2021 after the new Texas law took effect.[63] Similar to the plaintiff in *Lagniappe Lighting, LLC v. Carolina Lanterns & Accessories, Inc.* that filed its lawsuit to secure favorable jurisdiction after receiving notice that defendant would be filing suit in one week, the Court finds that Pontchartrain was motivated by a "race to the courthouse" when it filed the present suit and thus the present suit constitutes a misuse of the Declaratory Judgment Act.[64] The "misuse of the Declaratory Judgment Act to gain a procedural

---

[58] *Id.*; *see also* R. Doc. 1.
[59] R. Doc. 29-6.
[60] R. Doc. 31.
[61] R. Doc. 13.
[62] *Id.*
[63] R. Doc. 18-1.
[64] 2007 WL 1139582, at *4 (citing *Mission*, 706 F.2d at 602; *see also Excel*, 1996 WL 5708, *6).

advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action."[65]

The Court finds that the instant case presents "compelling circumstances" (i.e., the misuse of the Declaratory Judgment Act to gain a procedural advantage), which require a deviation from the usual "first to file rule."[66] Further, the identical issues in the present case are being litigated in a parallel proceeding in the Southern District of Texas.[67] To be clear, five courts[68] have expended judicial resources addressing the procedural fencing in this matter, while the substantive issues underlying the matter have yet to be addressed. Counsel for Pontchartrain is admonished to stop the childish fighting in the sandbox and return to the very able federal court in the Southern District of Texas to address this serious matter.

Accordingly, the Court finds it most appropriate to dismiss Pontchartrain's declaratory judgment action[69] and grant Bee Sand's Motion to Dismiss Anticipatory

---

[65] *Lagniappe Lighting*, 2007 WL 1139582, at *4 (citing *Great American Ins. Co. v. Houston General Ins. Co.*, 735 F.Supp. 581, 586 (S.D. N.Y. 1990)).
[66] *Id.*
[67] *See* R. Doc. 29-6; *see also* Case No. 3:21-cv-00298, *Tierra De Los Lagos, LLC d/b/a Bee Sand Company v. Pontchartrain Partners, LLC,* Southern District of Texas, Galveston Division.
[68] These courts include: Harris County Civil District Court, Galveston County Civil District Court, the Southern District of Texas, Orleans Parish Civil District Court, and the Eastern District of Louisiana.
[69] Although the Court has not specifically addressed each factor in the test set out by the Fifth Circuit for deciding whether to dismiss a declaratory judgment action, it has fully considered all six factors. The factors include:
1) whether there is a pending ... action in which all of the matters in controversy may be fully litigated;
2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
3) whether the plaintiff engaged in forum shopping in bringing the suit;
4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
5) whether the federal court is a convenient forum for the parties and witnesses;
6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.
*Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). It is apparent from the discussion above that factors 1–3 favor dismissing plaintiff's action. Further, the Court finds no inequities in allowing the Southern District of Texas to decide the case. The work at issue in the present dispute was performed there and allowing one court to decide all the issues would promote

Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the Alternative.[70]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Bee Sand's Motion to Dismiss Anticipatory Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the Alternative[71] is **GRANTED**.

**IT IS FURTHER ORDERED** that Bee Sand's Motion Addressing Proper Venue[72] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Pontchartrain's Petition[73] is **DISMISSED without prejudice**.

New Orleans, Louisiana, April 18, 2022.

*[signature: Wendy B Vitter]*

**WENDY B. VITTER**
**United States District Judge**

---

judicial economy. Regarding the fifth factor, convenience, Pontchartrain concedes that the "Breach may have taken place in Texas" but argues, weakly, that Bee Sand solicits business in Louisiana. Pontchartrain further asserts that material witnesses, ease of access to sources of proof, and the cost of attendance for witnesses make the Eastern District of Louisiana a more convenient forum. Although Pontchartrain has not provided support for this statement, especially regarding access to "sources of proof," the Court finds this factor neutral. Further, the Court notes that Defendant has not filed its answer to the complaint in the present case. After consideration of all of the factors, the Court finds that the majority weigh in favor of dismissing this action.

[70] R. Doc. 10.
[71] *Id.*
[72] R. Doc. 29.
[73] R. Doc. 1.